IN THEHE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ALMA ZAPATA, MARCOS TORRES,** and their conjugal partnership<br><br>Demandante<br><br>Vs.<br><br>**MAYAGUEZ RESORT & CASINO, INC., SANTOS ALONSO, JANE DOE** and their conjugal partnership, **CORPORATION ABC, INSURANCE COMPANY DEF, AND JOHN DOE**<br><br>Defendants | CIVIL NO. 13-<br><br>**FOR:**<br><br>DISCRIMINATION IN EMPLOYMENT<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

**COMPLAINT**

**TO THE HONORABLE COURT:**

   **COMES NOW** Plaintiff Alma Zapata, Marcos Torres, and their conjugal partnership through their undersigned attorneys, and respectfully **ALLEGES** and **PRAYS** as follows:

**I. JURISDICTION**

   1.   This suit is brought and jurisdiction lies pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e; 28 U.S.C. 1331 and 1343; the Civil Rights Act of 1991, and 29 U.S.C. § 621 *et seq.*. This Honorable Court's jurisdiction over state law claims is invoked pursuant to the doctrine of pendent or supplemental jurisdiction.

   2.   The following local laws are invoked: Law 100 of June 20, 1959, as amended, 29 Laws of P.R. Anno. 146 et seq. ("Law 100"), Law 80 of May 30, 1976,

Law 100, 29 Laws of P.R. Anno. 185 et seq; Law 17, and Article 1802 of the Civil Code of Puerto Rico.

3. The proper venue for this case lies in this Court, as all individual parties are residents of Puerto Rico, and the Mayaguez Resort and Casino, Inc.'s principal place of business is Puerto Rico, and the causes of action took place in Puerto Rico.

4. Plaintiff has fulfilled all the procedural perquisites necessary to filing this lawsuit, including obtaining a right to sue letter, after a determination of probable discrimination by the Equal Employment Opportunity Commission.

## II.     PARTIES

5. Plaintiff Alma Zapata is of legal age, a United States citizen, married to Marcos Torres, and a resident of Puerto Rico. At all times relevant to the instant Complaint, plaintiff was an individual protected by the laws invoked in this Complaint.

6. Defendant, Santos Alonso is the hotel owner and the policy maker who made decisions that discriminated against Mrs. Zapata. On information and belief, Mr. Alonso is married to Jane Doe with whom he forms a conjugal partnership. Mr. Alonso    fits the definition of an employer as set forth in Law 100 and is a tortfeasor as described in detail below.

7. Defendant, Mayaguez Resort and Casino, Inc. discriminated against Mrs. Zapata based on her age and her gender.

8    Defendant Corporation ABC is a corporate entity that may have liability for the facts set forth in this Complaint.

9. Defendant Insurance Company DEF is one or more insurance companies that may have issued and have in effect policies of insurance for the risks

that result from the acts stated in this Complaint, the identity of which are unknown at present.

10. Defendants John Doe, Jane Doe, and Susan Roe, and their respective conjugal partnerships, are persons responsible for the acts and damages alleged in the instant case whose identities are unknown at this moment.

### III. FACTS

11. Mrs. Zapata began to work for Mayaguez Resort & Casino in October 1996 as a maid.

12. When a position became available in the Engineering Department as an assistant office clerk, Mrs. Zapata applied for and received the promotion.

13. Even though Mrs. Zapata had already finished her probationary period, defendants returned her to probation for the first three months she worked in the Engineering Department.

14. Mrs. Zapata was the only woman in the Engineering Department when she started, and she was the only woman when Mr. Alonso dismissed her.

15. Mrs. Zapata worked diligently and well in the Engineering Department for over 16 years.

16. Over the years, Mrs. Zapata received numerous awards from the Mayaguez Resort & Casino Employee of the Year, Symbol Employee for her good character, as the most Cooperative Employee.

17. In nearly 16 years, Mrs. Zapata never received a single admonishment for misconduct.

18. About three years ago, Mr. Alonso bought the other owners, so that he became the sole owner of the Mayaguez Resort & Casino.

19. Towards the end of Mrs. Zapata's tenure at the hotel, Mr. Alonso began saying repeatedly that he did not want old people working at the hotel in front of Mrs. Zapata.

20. Whenever Mrs. Zapata had to interact with Mr. Alonso, he automatically became angry.

21. About a month before her dismissal, Mrs. Zapata had some estimates to take to Mr. Alonso. He was on the phone, so Mrs. Zapata gave the documents to the general manager. Mr. Alonso because furious, shouted give that to me, slammed his fist on his desk, and then threw the papers back at the general manager.

22. Mrs. Zapata left the office, and the chief engineer left after her to see if she was all right, given the violence of Mr. Alonso's outburst.

23. One month later, defendants dismissed Mrs. Zapata, allegedly to cut costs.

24. Even though defendants alleged they had to dismiss Mrs. Zapata in order to cut costs, because of her position, Mrs. Zapata had personal knowledge that defendants were expanding the hotel, adding a convention center, enlarging the river pool, and adding amenities.

25. In addition, defendants remodeled the Engineering Department which included a receiving area in cement, constructed a new structure for the security personnel, refurbished "Victoria's Salon" and created a bigger gift shop.

26. Since Mrs.. Zapata's dismissal, the Mayaguez Resort & Casino has hired a new, younger man in the Engineering Department, as well as added other staff.

**FIRST CLAIM FOR RELIEF**
**(ADEA HOSTILE ENVIRONMENT)**

27. Plaintiffs incorporate as if realleged the preceding paragraphs with the same force and effect as if herein set forth.

28. Because defendants created a hostile environment, which was condoned by the corporate co-defendant and Mrs. Zapata by Mr. Alonso repeated statements that that the hotel had to get rid of its older workers, defendant Mayaguez Resort and Casino violated Title VII with knowing and reckless disregard of said Act's proscriptions.

29. The defendants engaged in policies and practices which willfully, or in the alternative unwillfully, discriminated against the plaintiff, Mrs. Zapata, on the basis of her age.

30. Mrs. Zapata filed timely charges of discrimination with the Equal Employment Opportunity Commission and has met all administrative prerequisites for bringing this action.

31. Plaintiff is within the protected group covered by the Age Discrimination in Employment Act since she is 51 years old.

32. As a result of the before mentioned, Mrs. Zapata is entitled to be paid by defendant the following damages:

    a) Compensatory damages of not less than $100,000 for the economic, emotional and physical harm suffered by Mrs. Zapata;

    b) Liquidated damages since the discrimination was willful;

    c) Attorney fees;

    d) and any other benefits allowed by law.

33. All of the previously mentioned acts of the defendants violated ADEA VII, and the other federal laws previously cited.

## **SECOND CLAIM FOR RELIEF**

### **(TITLE VII DISCRIMINATION BASED ON DISMISALBASED ON GENDER)**

34. Plaintiffs incorporate as if realleged the preceding paragraphs with the same force and effect as if herein set forth.

35. Because defendants dismissed Mrs. Zapata due to her gender, allegedly due to a lack of financial resources and then hired another employee in the engineering department who is a younger man it was illegal and discriminatory and defendants made the decision without just cause, defendant violated Title VII with knowing and reckless disregard of said Act's proscriptions.

36. The defendants engaged in policies and practices which willfully, or in the alternative unwillfully, discriminated against the plaintiff, Mrs. Zapata on the basis of her gender.

37. Mrs. Zapata filed timely charges of discrimination with the Equal Employment Opportunity Commission and has met all administrative prerequisites for bringing this action.

38. Plaintiff is within the protected group covered by the Civil Rights Act of 1964.

39. As a result of the before mentioned, Mrs. Zapata is entitled to be paid by defendant the following damages:

    a)    Compensatory damages for the economic harm, emotional distress and resultant physical injury in an amount not less than $350,000;

    b)    Punitive damages;

    c)    Attorney fees,

    d)    and any other benefits allowed by law.

40. All of the previously mentioned acts of the defendants violated Title VII, and the other federal laws previously cited.

### THIRD CLAIM FOR RELIEF

### ADEA DISMISSAL

41. Plaintiffs incorporate as if realleged the preceding paragraphs with the same force and effect as if herein set forth.

42. Because defendants dismissed Mrs. Zapata based on her age, it was illegal and discriminatory and defendants made the decision without just cause, defendants violated 29 U.S.C. § 621 *et seq.* willfully

43. The defendants engaged in policies and practices which willfully, or in the alternative unwillfully, discriminated against the plaintiff, Mrs. Zapata on the basis of her age.

44. As a result of the before mentioned, Mrs. Zapata is entitled to be paid by defendant the following damages:

    a)    Compensatory damages for her economic and emotional damages and the physical harm she suffered in an amount not less than $250,000;

    b)    Liquidated damages; for willfulness,

      c)    Attorney fees,

      d)    and any other benefits allowed by law.

45. All of the previously mentioned acts of the defendants violated 29 U.S.C. § 621 *et seq*, and the other federal laws previously cited.

## FOURTH CLAIM FOR RELIEF

### (ACT 100 - P.R.)

46. Plaintiffs incorporate as if re-alleged the preceding paragraphs with the same force and effect as if herein set forth.

47. The acts of defendants, previously stated in this Complaint, also violate Puerto Rico's Act 100 of June 30, 1959, as amended, 29 L.P.R.A. 146 et seq. because age and sex were motivating factors and made a difference in the decision to dismiss Mrs. Zapata, and defendants, willfully, or in the alternative, unwillfully, engaged in practices that discriminated against Mrs. Zapata on the basis of her age.

48. As a result of the before mentioned, Mrs. Zapata is entitled to be paid by defendants the following compensatory damages:

      a)    A sum in excess of $300,000.00 for emotional distress and mental anguish and economic harm, such amount to be doubled pursuant to the law.

      b)    Any other permitted damages under the law.

## FIFTH CLAIM FOR RELIEF

### LAW 80
### (Statutory Severance Pay for Dismissal without Just Cause)

49. Plaintiffs incorporate as if re-alleged the preceding paragraphs with the same force and effect as if herein set forth.

50. Since defendants failed to demonstrate just cause for dismissing Mrs. Zapata, she is entitled to statutory severance pay in the amount of six months' salary, plus three weeks' salary for every year worked ($13,320.00), plus attorneys' fees.

## SIXTH CLAIM FOR RELIEF

### ARTICLE 1802
### (Mental and Moral Damages)

49. Plaintiffs incorporate as if re-alleged the preceding paragraphs with the same force and effect as if herein set forth.

50. As a result of the before mentioned acts and omissions, the defendants have directly and intentionally inflicted emotional distress, humiliation, harassment, and mental anguish on the plaintiffs, in an amount in excess of $100,000.00. Mrs. Zapata has suffered immensely because of the illegal activities of defendants and is desperate, depressed, and anxious. She has spent endless nights and days of worry, uncertainty and despair. Defendants' actions also caused harm to the physical health of Mrs. Zapata.

## TRIAL BY JURY

51. Plaintiffs demand a trial by jury.

**WHEREFORE**, in view of the foregoing, plaintiffs respectfully request that judgment be entered against the defendants jointly and severally, as follows:

a) Ordering the defendants to pay plaintiffs compensatory damages, liquidated damages and attorneys' fees plus interest as per the First Claim for Relief (ADEA, Hostile Environment);

b) Ordering the defendants to pay plaintiffs compensatory damages for emotional harm and physical harm, as per the Second Claim for Relief (Title VII, Gender Discrimination);

c) Ordering the defendants to pay plaintiffs a compensatory and liquidated damages and attorneys' fees plus interest as per the Third Claim for Relief (ADEA Dismissal);

d) Ordering the defendants to pay plaintiffs a sum in excess of $500,000.00, plus interest (Law 100, statutory prohibition against discrimination based on age and sex );

e) Ordering defendants to pay plaintiffs for Mrs. Zapata;

f) Ordering defendants to pay plaintiffs a sum in excess of $100,000.00 as per the Sixth Claim for Relief (Mental and Moral Damages);

g) Ordering defendants to cease and desist from any further discriminatory conduct, including their refusal to equitably decide her transfer request;

h) Ordering the defendants in the respective causes of action to pay interests, costs, and attorneys fees, pursuant to 42 USCA §2002-5(k); and,

i) Granting such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this 11th day of November 2013.

**LAW OFFICES OF**
**JANE BECKER WHITAKER**
P.O. Box 9023914
San Juan, Puerto Rico 00902-3914
Tel. 787-754-9191

                    Fax 787-764-3101

                    <u>/S/ JANE BECKER WHITAKER</u>
                    **JANE BECKER WHITAKER**
                    **USDCPR BAR NUMBER 205110**